UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFF KANDT,                                                          Civil Action No. 5:09-CV-507
                                                                                   (NPM/ATB)
        Plaintiff,

  v.

TASER INTERNATIONAL, INC,

        Defendant.
_____

S. ROBERT WILLIAMS, ESQ., et al., for Plaintiff
JOHN V. TAIT, ESQ., et al., for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## AMENDED DECISION/ORDER

Presently before this court is defendant's letter motion dated May 4, 2011 (**Dkt. No. 45**), raising certain discovery issues. The defendant responded by letter brief dated May 16, 2011 (**Dkt. No. 46**). Based upon the written submissions of the parties[1] and the arguments of counsel during a recorded telephonic discovery conference on May 19, 2011, and for the reasons stated on the record by the court during that conference, it is hereby**:**

**ORDERED** that the court **DENIES** defendant's motion to preclude the expert testimony of treating physicians Drs. Moquin, Aziz, and Soogree, including possible testimony regarding causation of plaintiff's injuries and his vocational and other

---

[1] Defendant filed a reply on May 19, 2011 at 12:54 p.m., about three hours before the scheduled conference. (Dkt. No. 43). The court did not consider this untimely and unauthorized submission, but did allow counsel for both side to supplement their arguments orally.

limitations, to the extent such opinions are within the scope of treatment provided, as reflected in the relevant medical records. This denial is without prejudice to defendant objecting to the admission of expert testimony from these witnesses at trial to the extent that it departs from the substance of the summary disclosure submitted under FED. R. CIV. P. 26(a)(2)(C), is beyond the scope of treatment provided, or is otherwise inadmissible under FED. R. EVID. 702 and the standards of *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). And, it is further

**ORDERED** that the court **DENIES** defendant's motion to preclude the expert testimony of economist William C. Blanchfield, Ph. D., regarding wage losses sustained by plaintiff as a result of his injuries. This denial is without prejudice to defendant objecting to the admission of expert testimony from Dr. Blanchfield at trial to the extent that it departs from the substance of his expert report submitted pursuant to FED. R. CIV. P. 26(a)(2)(B), or is otherwise inadmissible under FED. R. EVID. 702. And, it is further

**ORDERED** that, except as required by FED. R. CIV. P. 26(e)(2), plaintiff shall **not** be permitted to amend their disclosures with respect to Dr. Blanchfield, or Drs. Moquin, Aziz, and Soogree, as he has already been provided with an opportunity to do so. However, plaintiff shall be permitted to serve *curriculum vitae* for Drs. Aziz and Soogree on defense counsel. And, it is further

**ORDERED** that, after defendant promptly decides which of plaintiff's experts, if any, it intends to depose, the parties may submit proposals for brief extensions of the previously-set deadline for completion of expert discovery and the filing of

substantive motions.

Dated: May 30, 2011

                                                Hon. Andrew T. Baxter
                                                U.S. Magistrate Judge