UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Jeff Kandt,

                              Plaintiff,

      -v.-                                    5:09-CV-0507
                                                     (NPM-ATB)

Taser International, Inc.,

                              Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Attorneys for Plaintiff: | |
| WILLIAMS & RUDDEROW, PLLC<br>250 Harrison Street<br>Suite 302<br>Syracuse, NY 13202 | S. ROBERT WILLIAMS, ESQ.<br>MICHELLE ELLSWORTH<br> RUDDEROW, ESQ. |
| BURKE & BURKE LAW FIRM<br>16 West Main Street<br>Suit 100<br>Rochester, New York 14614 | PATRICK J. BURKE, ESQ. |
| Attorneys for Defendant: | |
| RENZULLI LAW FIRM, LLP<br>81 Main Street<br>Suite 508<br>White Plains, NY 10601 | CHRISTOPHER RENZULLI, ESQ.<br>JOHN RENZULLI, ESQ.<br>JOHN V. TAIT, ESQ. |
| TASER INTERNATIONAL, INC.<br>17800 North 85th Street<br>Scottsdale, AZ 85255 | HOLLY L. GIBEAUT, ESQ.<br>MICHAEL A. BRAVE, ESQ. |

Neal P. McCurn, Senior District Judge

## *SUMMARY ORDER*

Presently before the court is a motion by Plaintiff, Jeff Kandt ("Kandt"), to review/modify the Bill of Costs submitted by defendant, Taser International, Inc. ("Taser").[1]  See Dkt. No. 99.  Taser opposes Kandt's motion.

As the prevailing party, Taser submitted its application for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, Rule 54.1 of this court's Local Rules, and 28 U.S.C. §§ 1821(b), 1920 and 1923.  Kandt challenges the following of Taser's costs as "excessive or unmerited:" (1) the costs associated with pro hac vice admission for Holly Gibeaut; (2) costs for videotaping of certain witnesses; (3) costs for expediting certain transcripts; and (4) costs for in-house printing and duplicating of documents.  See Decl. of Michelle Ellsworth Rudderow, Aug. 24, 2012, Dkt. No. 99-1.  Kandt further requests that Taser's costs be denied in their entirety because he is permanently disabled and "has no income other than his state-provided retirement income."  Id., ¶ 27.

For the reasons set forth in Taser's memorandum of law in opposition to Kandt's motion, see Dkt. No. 100, Kandt's motion is denied.

IT IS SO ORDERED.

DATED:   September 13, 2012
         Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge

---

[1] Although a notice of appeal has been filed in this case, the court retains jurisdiction over collateral matters such as the pending motion.  See Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004).